Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| | | |
|---|---|---|
| ENRIQUE MARTIN MORALES<br><br>Recurrido<br><br>v.<br><br>DENNIS YADIEL SÁNCHEZ MARTIN<br><br>Peticionario | KLCE2024000392 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso número: SJ2022CV08068<br><br>Sobre: Persecución Maliciosa |

Panel integrado por su presidente, el juez Bermúdez Torres, el juez Adames Soto y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de abril de 2024.

Comparece la parte peticionaria, Dennis Yadiel Sánchez Martin, mediante el recurso de epígrafe y nos solicita la revocación de la *Orden* emitida y notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan, el 25 de marzo de 2024. En el referido dictamen, el foro recurrido declaró No Ha Lugar una solicitud de paralización de los procesos presentada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

**I**

El 7 de septiembre de 2022, Enrique Martin Morales (Martin Morales o recurrido) incoó una *Demanda* sobre extorsión, persecución maliciosa, abuso del derecho, y daños y perjuicios en contra de Dennis Yadiel Sánchez Martin (Sánchez Martin o peticionario).[1] En síntesis, esbozó que Sánchez Martin lo había amenazado y extorsionado al indicarle que, a menos que se le compensara económicamente, continuaría con su campaña de asesinarle su reputación e integridad mediante imputaciones

---
[1] Apéndice 1 de la oposición, págs. 1-8.

Número Identificador

RES2024 _____

falsas y maliciosas. Sostuvo que las acciones temerarias, maliciosas y culposas de Sánchez Martin fueron motivadas por el deseo de exponerlo al odio y desprecio de su fanaticada, así como de coartar sus oportunidades de negocio y destruir su reputación. Alegó que, como cuestión de hecho, dichas acciones causaron que le cancelaran contratos millonarios y proyectos artísticos presentes y futuros. En virtud de ello, reclamó una suma no menor de diez millones de dólares ($10,000,000.00). Además, arguyó que, dichas acciones culposas también le causaron daños a su reputación, la cual era intachable previo a la publicación de la orden de protección emitida en su contra. Por ello, solicitó una suma no menor de veinte millones de dólares ($20,000,000), adicionales.

El 9 de diciembre de 2022, Sánchez Martin instó una *Moción de Desestimación al Amparo de la Regla 10.2 (5) de las de Procedimiento Civil e Imposición de Honorarios por Temeridad y Frivolidad.*[2] En la misma, sostuvo que procedía desestimar la causa de acción incoada en su contra debido a que las alegaciones esbozadas en la *Demanda* versaban en presuntos hechos cometidos cuando este era menor de edad. De igual forma, alegó que procedía desestimar la acción de epígrafe debido a que no había incurrido en un acto difamatorio, sino que había propiamente ejercido su derecho de presentar acciones en los tribunales, así como practicar su derecho a la libertad de expresión.

Por su parte, el 25 de enero de 2023, Martin Morales presentó una *Oposición a Moción de Desestimación.*[3] En síntesis, planteó que la solicitud de desestimación promovida por Sánchez Martin era un intento inmeritorio de salir indemne y sin repercusiones por sus actuaciones maliciosas; actuaciones, cuyo único fin era perseguir, asediar, hostigar, acechar y extorsionar a este. Por tanto, solicitó al foro juzgador que declarara No Ha Lugar el petitorio de desestimación presentado por Sánchez Martin y ordenara la continuación de los procedimientos del caso.

---

[2] Apéndice 3 de la oposición, págs.21-32.
[3] Íd, págs. 33-43.

Luego de varias instancias procesales, el 25 de marzo de 2024, Sánchez Martin presentó, por derecho propio, una *Moción.*[4] En esencia, solicitó la paralización de los procedimientos civiles de conformidad con las disposiciones del *Servicemembers Civil Relief Act* (SCRA). Particularizó que dicho estatuto le era de aplicación a las personas que se encontraban en proceso de enlistarse en las fuerzas armadas.

Evaluado el petitorio, el mismo día, el Tribunal de Primera Instancia emitió la Orden que nos ocupa.[5] En lo pertinente, determinó que la mera alegación de Sánchez Martin de que se encontraba en un proceso de enlistarse en las fuerzas armadas no daba lugar a la paralización del caso ni a la protección del SCRA.

En desacuerdo, el 25 de marzo de 2024, Sánchez Martin recurrió ante nos mediante el recurso de epígrafe. Aunque no esbozó expresamente su planteamiento de error, de una lectura se desprende que el peticionario plantea que el Tribunal de Primera Instancia incidió al declarar No Ha Lugar su petición de paralización de los procedimientos en virtud de las disposiciones del SCRA.

En cumplimiento con nuestra *Resolución* del 3 de abril de 2024, Martin Morales compareció mediante *Oposición a Petición de Certiorari* el 15 de abril de 2024. En la misma, sostuvo que Sánchez Martin no era miembro, ni se encontraba recibiendo adiestramiento para las fuerzas armadas. Alegó que la solicitud de paralización era un desesperado intento de Sánchez Martin de continuar dilatando los procedimientos que se estaban ventilando en el foro de origen. En vista de ello, solicitó la desestimación del presente recurso.

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

---

[4] Apéndice 35 de la oposición, págs. 158-159.
[5] Apéndice 36 de la oposición, pág. 160.

## II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 2023 TSPR 65, 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

> [. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones.

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, dispone los criterios a considerar para ejercer sabia y prudentemente su decisión de atender o no las

controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83,

96-97 (2008). Véase, además, *Banco Popular de Puerto Rico v. Gómez

Alayón y otros*, 2023 TSPR 145, resuelto el 19 de diciembre de 2023;

*Rivera et al. v. Arcos Dorados et al.*, supra; *Pueblo v. Rivera Montalvo*, 205

DPR 352, 372 (2020). Así, la Regla 40 del Reglamento del Tribunal de

Apelaciones, *supra*, funge como complemento a la Regla 52.1 de

Procedimiento Civil, *supra*. *Torres González v. Zaragoza Meléndez*, supra.

La precitada Regla dispone lo siguiente:

> El [T]ribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Sin embargo, ninguno de los mencionados criterios es determinante,

por sí solo, para este ejercicio y no constituye una lista exhaustiva. *García

v. Padró*, 165 DPR 324, 335 esc. 15 (2005). Por lo que, de los factores

esbozados "se deduce que el foro apelativo intermedio evaluará tanto la

corrección de la decisión recurrida, así como la etapa del procedimiento en

que es presentada; esto, para determinar si es la más apropiada para

intervenir y no ocasionar un fraccionamiento indebido o una dilación

injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

(Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Véase, además, *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

La parte peticionaria plantea que el Tribunal de Primera Instancia incidió al declarar No Ha Lugar su petición de paralización de los procedimientos en virtud de las disposiciones del SCRA.

Luego de un examen sosegado del expediente ante nos, colegimos que no existe criterio jurídico que amerite nuestra intervención con lo resuelto por el Tribunal de Primera Instancia. Al entender sobre los planteamientos que la parte peticionaria propone ante este Foro, concluimos que la sala de origen, en lo pertinente, no incurrió en error de derecho ni en abuso de discreción al declarar No Ha Lugar la solicitud de paralización de los procedimientos en virtud de las disposiciones del SCRA, promovida por la parte peticionaria, ello a fin de que podamos soslayar la norma de abstención judicial que, en dictámenes como el de autos, regula el ejercicio de nuestras funciones.

Al evaluar los documentos que nos ocupan, concluimos que nuestra intervención, en esta etapa de los procedimientos, no resulta oportuna. Siendo así, y en ausencia de prueba que nos permita resolver en contrario, denegamos expedir el auto de *certiorari* que nos ocupa, al amparo de lo

dispuesto en la Regla 52.1 de Procedimiento Civil, *supra*, y la Regla 40 de nuestro Reglamento, *supra*.

**IV**

Por los fundamentos que anteceden, denegamos la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones